JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, A. M., Sr. ("father"), appeals the decision of Cuyahoga County Court of Common Pleas, Juvenile Division, to transfer the case and all issues to another state, as well as the decision to award travel expenses to appellee, D. C. ("mother"). For the following reasons we affirm in part and modify in part.
 {¶ 3} In November 2005, father filed a motion to modify child support and a motion to modify allocation of parental rights and responsibilities. Mother filed a motion to dismiss.
 {¶ 4} The trial court held a hearing wherein both parties agreed that the child's home state was now New York. The parties also agreed that the motion to modify allocation of parental rights and responsibilities should be transferred to Orange County, New York. Father withdrew his motion to modify child support and contested mother's motion for travel expenses.
 {¶ 5} The trial court issued a journal entry transferring the "Case and all issues not addressed in the Judgment Entry attached as Exhibit `A'" to the family court in Orange County, New York. In Exhibit "A" the trial court awarded travel expenses to the mother.
 {¶ 6} Father appeals, advancing two assignments of error for our review. His first assignment of error states the following: *Page 3 
 {¶ 7} "The trial court erred in transferring all issues relating to the minor child, to the family court, Orange County, New York insofar as the transfer included issues relating to child support."
 {¶ 8} Under this assignment of error, father argues that the trial court's journal entry improperly transferred jurisdiction over child support to New York in violation of R.C. 3115.07(A). Father contends that he did not consent to the transfer.
 {¶ 9} Mother argues that the court transferred only the allocation of parental rights and responsibilities to Orange County, New York, and that the motion regarding child support was not pending before the court. Mother argues the motion was before another court and/or withdrawn by father.
 {¶ 10} The relevant portions of the journal entry read as follows:
 "This matter came on for Pre-trial hearing on this First day of September 2006, before the Honorable Jerry L. Hayes, Judge by Assignment, upon the Pending Motions before the Court.
 "* * *
 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this Case and all issues not addressed in the Judgment Entry attached as Exhibit `A' shall be transferred to The Family Court, Orange County, New York, to the attention of The Honorable Judge Carol S. Klein." (Emphasis added.)
 {¶ 11} According to the record before this court, a motion to modify child support was pending before the trial court; however, the transcript indicates that father withdrew his motion at the hearing. Nevertheless, after reading the aforementioned journal entry and attached exhibit "A," it would appear that the trial *Page 4 
court transferred the entire case and all issues to Orange County, New York.
 {¶ 12} R.C. 3115.07(A) states the following:
 "A tribunal of this state has continuing, exclusive jurisdiction over a child support order it issues as long as the obligor, individual obligee, or child subject to the child support order is a resident of this state, unless all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction." (Emphasis added.)
 {¶ 13} The trial court could not transfer the child support order without the written consent of both parties, which was not obtained in this case. Therefore, pursuant to App. R. 12(A)(1)(a), we would modify the trial court's journal entry to read that "the motion for allocation of parental rights and responsibilities is transferred to Orange County, New York." Until such time that both parties agree in writing that jurisdiction over their child support order should be transferred, the Cuyahoga County Court of Common Pleas, Juvenile Division, shall retain exclusive jurisdiction in accordance with R.C. 3115.07(A).
 {¶ 14} Father's first assignment of error is sustained.
 {¶ 15} Father's second assignment of error states the following:
 {¶ 16} "The trial court erred in awarding travel expenses to mother, [D. C.]"
 {¶ 17} Father argues that the mother was not entitled to travel expenses because she was not directed to appear pursuant to R.C. 3127.24(B). Therefore, father contends that the court erred in awarding travel expenses to mother.
 {¶ 18} R.C. 3127.24 states in relevant part:
 "(B) If a party to a child custody proceeding whose presence is desired by the court is outside this state with or without the child, the court may order that the notice given under section 3124.07 of the Revised Code include a statement directing that party to appear personally with or without the child and informing the party that failure to appear may result in a decision adverse to that party.
 "* * *
 "(D) If a party to a child custody proceeding who is outside this state is directed to appear under subdivision (B) of this section or desires to appear personally before the court with or without the child, the court may require another party to pay reasonable and necessary travel expenses and other expenses for the appearance of the party and the child." (Emphasis added.)
 {¶ 19} In this case, we find that the trial court did not abuse its discretion when it awarded travel expenses to the mother. The trial court specifically found that "Mother's attendance at these proceedings in Ohio was both warranted, necessary, and directed by Notice of this Honorable Court," which is all that is required under subsection D of the Revised Code. Accordingly, father's second assignment of error is overruled.
Affirmed in part and modified in part.
It is ordered that appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., CONCURS, and ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1